## James G. Dougherty v. Arthur A. Winter.

1. DISCRETION—*In Cases Involving Personal Liberty—Abuse of.*— What would be regarded as an abuse of discretion in an ordinary civil action would not be toward the plaintiff in one involving personal liberty rights.

2. SAME—*Exercise of, Depends on the Object of the Proceeding.*—

Civil actions, involving the imprisonment of the parties, are, under the laws and policy of this State, hard actions, in which courts are not disposed to grant indulgence to him who seeks the incarceration of his opponent.

**Memorandum.**—Proceedings under the insolvent act. Appeal from the County Court of Cook County; the Hon. Frank Scales, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

## Statement of the Case.

In 1888, the appellant, James G. Dougherty, commenced an action in the case for malicious prosecution against appellee, Arthur A. Winter.

A declaration on the case for malicious prosecution was filed in due time. The defendant, Arthur A. Winter, appeared and filed a plea of not guilty to the declaration.

The trial resulted in a verdict of $750 against the appellee, Arthur A. Winter, and a judgment upon that verdict.

On the 27th day of December, 1893, a *capias ad satisfaciendum* was issued upon that judgment, and the appellee, Winter, taken into custody thereon; thereupon he forthwith filed in the County Court, a petition, stating that he had been arrested upon a *capias ad satisfaciendum* issued from the Superior Court of Cook County upon the foregoing judgment, and that he was desirous of being released by delivering up his property.

He was thereupon released from the custody of the sheriff, upon giving bond for his appearance, by order of the County Court.

In his petition there was no mention made of the nature or kind of the suit in which the judgment was rendered.

Appellant appeared and objected to his discharge, filing his objections in writing, in which he alleged that " Winter was arrested on a *capias ad satisfaciendum* issued out of the Superior Court of Cook County upon a judgment in a civil action in which malice was the gist of the action, viz., a suit for malicious prosecution;" and therefore was not entitled to take advantage of the insolvent debtors' law. The

case was set for trial by that court on the 6th day of March, 1894. On that day and also on the 7th, 8th and 9th days of the same month, both parties attended, ready for trial, and on said last mentioned day it was continued until Monday morning, the 12th day of March; the appellant, Dougherty, was a non-resident of the State of Illinois, and his counsel relied for evidence in resisting appellee's application, wholly upon the files, records and proceedings in the case of Dougherty v. Winter in the Superior Court, upon which said judgment had been rendered.

On the morning of the 12th day of March, by reason of sudden and severe illness of his wife, the attorney for said Dougherty was prevented from being in court promptly at ten o'clock A. M., but did arrive there at twenty minutes past ten, when he was informed by the court that the jury had been impaneled, the evidence heard, and that the jury was then out; thereupon said attorney notified the court of the cause of his delay in being present, and asked the court to allow the jury to be recalled and appellant's case to be heard; to which request the court replied that said attorney should wait until the jury came in and see what the verdict was, and a motion for a new trial could be entered, if necessary.

The jury brought in a verdict of "not guilty." Thereupon appellant made his motion for a new trial on the ground that he had been taken by surprise by the absence of his attorney, and prevented from presenting his evidence, supporting his said motion by the affidavit of his attorney stating the facts as hereinbefore set forth, and also by presenting to the court all the files, records and proceedings of the Superior Court of Cook County in the case of Dougherty v. Winter, in which said judgment was entered, etc.

The court upon the hearing found, and incorporated the same in the bill of exceptions, that the affidavit of the attorney for appellant presented a good and sufficient excuse for his absence on the morning of March 12, 1894, when said case was called for trial, and that he was without fault in being absent at that time, but overruled the motion and ren-

dered a judgment for the release and discharge of appellee, Winter, from custody, and for costs against appellant, to which ruling of the court exceptions were properly preserved.

### Appellant's Brief, John S. Cook, Attorney.

By discretion, when applied to a court of justice, is meant sound discretion guided by law. It must be 'governed by rule, and not by humor—it must not be arbitrary, vague and fanciful, but legal and regular. 5 Am. & Eng. Ency. of Law, 681.

Abuse of discretion is subject to review on error and appeal in order to promote justice. Mason v. McNamara, 57 Ill. 274.

It is not the exercise of the will, but of the judgment, when applied to a question capable of being determined in different ways. Webster v. French, 11 Ill. 254; Boone v. Moline Plow Co., 81 Ill. 294.

The discretion exercised by a court must be " not arbitrary and capricious, but a sound judicial discretion. It must be regulated upon grounds that must make it judicial." Seymour v. Delaney, 3 Cow. (N. Y.) 505.

Weigley, Bulkley & Gray, attorneys for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

If this were a case of a different nature, we might feel inclined to think that there had been, by the County Court, an abuse of discretion; yet we should even then be compelled to bear in mind that while the illness of the wife of the attorney for appellant may have been a sufficient excuse for the tardiness of counsel, it did not, so far as appears, prevent his sending to appellee and the court a message explaining his absence, and asking a brief postponement. While in an ordinary case it might have been the duty of the court, upon terms sufficiently onerous, to compensate appellee for the delay, and to impress upon appellant the necessity for

promptness, to have set aside the verdict and ordered a new trial, we do not think that in a proceeding involving personal liberty, its refusal so to do can, under the circumstances of this case, be considered an abuse of its discretion. Civil actions, involving the imprisonment of parties, are, under the laws and policy of this State, hard actions, in which courts are indisposed to grant indulgence to him who seeks the incarceration of his opponent. Graham & Waterman on New Trials, Vol. 1, 353.

For this reason the judgment of the County Court is affirmed.